United States Court of Appeals

For the Eighth Circuit

_____

No. 19-3532
_____

United States of America

*Plaintiff - Appellee*

v.

Deandre Anthony

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: September 21, 2020
Filed: November 17, 2020
[Unpublished]

_____

Before COLLOTON, GRUENDER, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Deandre Anthony pleaded guilty to one count of conspiring to distribute methamphetamine. The district court[1] sentenced Anthony to 280 months' imprisonment. Anthony appeals, challenging his sentence as procedurally defective

---

[1] The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

and substantively unreasonable, primarily because he received a higher sentence than his codefendants. We affirm.

Anthony pleaded guilty to conspiring to distribute methamphetamine (Count 1 of the indictment). His three codefendants also pleaded guilty to Count 1. After hearing testimony at Anthony's sentencing hearing, the district court increased Anthony's offense level by three levels after finding that he was a manager or supervisor in the conspiracy, U.S.S.G. § 3B1.1(b), yielding an advisory sentencing guidelines range of 360 months' to life imprisonment. The court then sentenced Anthony to 280 months' imprisonment—eighty months below the bottom end of his guidelines range. Although Anthony's codefendants also received sentences below their guidelines ranges, they received lower sentences than Anthony with respect to Count 1. Two received 120 months' imprisonment, and one received 150 months' imprisonment.

On appeal, Anthony claims that his sentence is both procedurally flawed and substantively unreasonable. He claims that the district court erred procedurally by failing to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *see* 18 U.S.C. § 3553(a)(6), and by failing to explain how it considered § 3553(a)(6). Anthony also claims that these unwarranted sentencing disparities make his sentence substantively unreasonable.

We review a sentence imposed by "first ensur[ing] that the district court committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). Procedural errors include, among other things, failure to consider the § 3553(a) factors, including § 3553(a)(6). *Id*. "In reviewing a sentence for significant procedural error, we review a district court's factual findings for clear error and its interpretation and application of the guidelines de novo." *United States v. Kirlin*, 859 F.3d 539, 543 (8th Cir. 2017).

Section 3553(a)(6) requires the district court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Anthony argues that the district court violated § 3553(a)(6) because: (1) he received an offense-level enhancement for being a manager or supervisor of criminal activity, but his codefendant did not despite testimony that they had the same role in the conspiracy;[2] (2) the district court departed or varied downward from the guidelines range by a smaller percentage for Anthony than for his codefendants; (3) the district court varied or departed downward based on an ice-methamphetamine policy dispute less for Anthony than for his codefendants; and (4) the district court failed to state how it considered § 3553(a)(6).

Here, the district court did not procedurally err because § 3553(a)(6) "refers to *national* disparities, not differences among co-conspirators." *United States v. Fry*, 792 F.3d 884, 892 (8th Cir. 2015); *see also United States v. Pierre*, 870 F.3d 845, 850 (8th Cir. 2017); *United States v. Hemsher*, 893 F.3d 525, 535 (8th Cir. 2018).[3] Because all of Anthony's arguments regarding sentencing disparity concern his codefendants, the district court did not procedurally err. In any event, Anthony's codefendants are not similarly situated to him because, among other things, they cooperated with the Government. *See United States v. Chaika*, 695 F.3d 741, 746

---

[2]Anthony does not challenge his guidelines calculation on appeal. Therefore, any objections to it are waived. *See United States v. Grace*, 893 F.3d 522, 525 (8th Cir. 2018) ("Issues not raised in a party's opening brief are waived.").

[3]Though "[t]his court once granted relief based on a comparison of co-conspirators, . . . that decision is necessarily limited to the unusual circumstances presented there: an extreme disparity in sentencing between similarly situated conspirators, and a consolidated appeal involving both conspirators that permitted a remand for resentencing of both parties." *Fry*, 792 F.3d at 892-93 (limiting *United States v. Lazenby*, 439 F.3d 928 (8th Cir. 2006), to its facts) (internal quotation marks omitted).

(8th Cir. 2012) ("A defendant's cooperation with the government is a legitimate basis for sentencing disparity.").

The district court also was not required to explain specifically how it considered § 3553(a)(6). A court's statement that it has taken all the § 3553(a) factors into consideration—without listing each—is enough to demonstrate that it considered all the factors. *Kirlin*, 859 F.3d at 545. Here, the court did more by expressly stating that it "considered the need to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct." Therefore, we find no procedural error.

Anthony claims that his sentence was substantively unreasonable on the same bases on which he claims procedural error. None of these claims has merit either. We "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. "When conducting this review," we "take into account the totality of the circumstances, including the extent of any variance from the [g]uidelines range." *Id*. "A sentencing court abuses its discretion if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Johnson*, 812 F.3d 714, 715 (8th Cir. 2016) (per curiam). However, "[w]hen a district court has sentenced a defendant below the advisory [g]uidelines range, it is nearly inconceivable that the court abused its discretion in not varying downward still further." *United States v. Nevatt*, 960 F.3d 1015, 1022 (8th Cir. 2020) (per curiam).

"Sentencing courts have wide discretion to weigh the § 3553(a) factors." *United States v. Donahue*, 959 F.3d 864, 867 (8th Cir. 2020) (internal brackets and ellipses omitted). Anthony was sentenced below the guidelines range, making it nearly inconceivable that the district court abused its discretion by imposing a substantively unreasonable sentence. *See Nevatt*, 960 F.3d at 1022. After reviewing

- 4 -

- 5 -

the record, we conclude that the district court did not abuse its discretion in sentencing Anthony.

Therefore, Anthony's sentence is neither procedurally flawed nor substantively unreasonable. We affirm.

_____